UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-156-GFVT

HERSHELLA COOTS,                                            PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT<br>AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,                          DEFENDANT.

## I. INTRODUCTION

Plaintiff, Hershella Coots, brings this action under 42 U.S.C. § 405(g) and 5 U.S.C. § 706, to challenge the Defendant Commissioner's final decision denying her application for Supplemental Security Income ["SSI"]. [R. 2]. This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 12]. Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be denied, Defendant Commissioner's Motion for Summary Judgment [R. 11] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II. FACTS & PROCEDURAL HISTORY

Coots was born in 1964 and was thirty-eight (38) years old at the alleged onset date of her disability. [Tr. 106]. She lives by herself in a house. [Tr. 660]. The Plaintiff has an eighth grade education, with no special training. [Tr. 131]. She lists her employment history as follows: a cook at Lee's Famous Recipe from 1989 to 2002, and a laborer at Colwell's Greenhouse during an unspecified period of time. [Tr. 135].

Coots alleges that her disability began on December 18, 2002. [Tr. 106]. In the Disability Report, Form SSA-3368, she claimed that she was unable to work due to a herniated disc in her back and neck, as well as torn cartilage and arthritis in her knee. [Tr. 170]. In addition, the Plaintiff complains of depression. [Id.].

As a result of her impairments, Coots filed for disability benefits on May 1, 2003.[1] [Tr. 106-108]. Her claims were denied initially and on reconsideration. [Tr. 68, 69]. Following the denial, she properly requested a hearing in front of an Administrative Law Judge ["ALJ"]. [Tr. 95-96]. On March 8, 2005, a hearing was held in front of ALJ Don Paris in Hazard, Kentucky. [Tr. 1457]. The Plaintiff provided testimony during this hearing. [Tr. 1459-91]. The ALJ held a second hearing on September 8, 2005, during which he sought testimony from Vocational Expert Jackie Rogers. [Tr. 1493-1503].

The ALJ ruled against Coots in a written decision dated November 23, 2005. [Tr. 74-85]. The Appeals Council subsequently reversed, concluding that: (1) the ALJ failed to adequately evaluate the treating and examining source opinions, and (2) the ALJ's discussion regarding whether the Plaintiff's impairments meet or equal the level of any impairment in the listings was inadequate. [Tr. 70-73]. The Appeals Council remanded the case for further consideration. [Tr. 71].

Following remand, the ALJ ruled against Coots in a written decision dated September 14, 2007. [Tr. 25-41]. The ALJ found that the Plaintiff suffered from the following severe combination of impairments: "degenerative joint disease of the bilateral knees, status post surgery on the left; degenerative lumbar disc disease with chronic low back pain; depressive [disorder], not otherwise specified, with traits of anxiety secondary to physical condition; history of asthmatic bronchitis;

---

[1] The Plaintiff reports that this is her third application for social security disability benefits. [see Tr. 659].

2

morbid obesity; and [a] history of deep vein thrombosis." [Tr. 28]. Despite these impairments, the ALJ found that Coots "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." [Tr. 34]. Continuing with his evaluation, the ALJ found that the Plaintiff had the residual functional capacity to:

> perform a range of light work, occasionally lifting and carrying 20 pounds and 10 pounds frequently. She can stand/walk/sit six hours total in an 8-hour work day; however, because of her morbid obesity in combination with her other physical impairments she requires a sit/stand option with no prolonged standing/walking in excess of one-half hour at a time with only occasional pushing, pulling, or use of foot controls with the lower extremities. She cannot climb ropes, scaffolds or ladders but may occasionally climb stairs or ramps. She may only occasionally and non-repetitively bend, twist, stoop, kneel, crouch, balance, and never crawl because of her morbid obesity. She should avoid concentrated exposure to extremes of heat and humidity and hazards such as dangerous machinery or unprotected heights. Because of her history of bronchitis she should avoid concentrated exposure to fumes, odors, dust and gases as well as smoke. She has a depressive disorder, not otherwise specified, with traits of anxiety secondary to her physical condition and would have "none" limitations in understanding, remembering and carrying out short, simple work instructions and the ability to make judgments on simple, work-related decisions ("none" is defined as absent or minimal limitations; if limitations are present, they are transient and/or expectable reactions to psychological stresses) and only "moderate" limitations in her ability to understand, remember and carry out detailed instructions ("moderate" is defined as a moderate limitation in this area but the individual is still able to function satisfactorily). She would have a "slight" limitation in her ability to interact appropriately with the public, coworkers and supervisors; respond appropriately to work pressures in a usual work setting; and to respond appropriately to changes in a routine work (*sic*) ("slight" is defined as some mild limitations in these areas, but the individual can generally function well).

[Id.]. The ALJ found that Coots was unable to perform any past relevant work [Tr. 39], but that "[c]onsidering [her] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [she] can perform." [Id.]. Based on these findings, the ALJ determined that the Plaintiff did not suffer from a "disability" as defined by

3

the Social Security Act. [Tr. 40]. The Appeals Council denied Coots' subsequent request for review. [see Tr. 16-18].

On May 21, 2008, the Plaintiff initiated the present action. [R. 2]. Coots argues that the ALJ's decision should be reversed because (1) the ALJ improperly rejected the opinions of her treating physicians, (2) the ALJ failed to consider the combined effects of her impairments, (3) the ALJ's hypothetical question to the vocational expert was not supported by substantial evidence, (4) the ALJ failed to properly address whether the Plaintiff could hold any job for a significant period of time, and (5) the ALJ failed to properly consider her exertional and non-exertional restrictions, as well as the pain associated with them. [R. 10-2 at 3-5]. The Defendant-Commissioner responds that the ALJ complied with the applicable regulations, and his decision is supported by substantial evidence. [R. 11].

### III. STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g)(2006); see also, Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004) (internal quotations and citations omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

The limited nature of substantial evidence review is intended to prevent the reviewing court from substituting its judgment for that of the ALJ. So long as substantial evidence exists, the

4

reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal quotations and citations omitted). Sixth Circuit precedent suggests that a finding of "no substantial evidence," and potential reversal of the agency decision, would be appropriate in situations where the ALJ: ignores uncontested, compelling evidence for one side; makes no express findings on witness credibility; or makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588 (6th Cir. 1975); see also, Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

In the present action, the Plaintiff argues that the ALJ's decision should be reversed because: (1) the ALJ improperly rejected the opinions of her treating physicians, (2) the ALJ failed to consider the combined effects of her impairments, (3) the ALJ's hypothetical question to the vocational expert was not supported by substantial evidence, (4) the ALJ failed to address whether she could hold any job for a significant period of time, and (5) the ALJ failed to consider her exertional and non-exertional restrictions, as well as the pain associated with them. [R. 10-2 at 3-5]. The Court will address each argument in turn.

### A. THE ALJ'S REJECTION OF THE OPINIONS OF DR. CHANEY AND DR. ALLEN

The Plaintiff argues that the ALJ erred by failing to accord greater weight to the opinions of her treating physicians, Dr. James Chaney and Dr. Christopher Allen. [R. 10-2 at 3]. The ALJ's treatment of these physicians' opinions will be addressed separately.

5

1. Dr. Christopher Allen

Dr. Allen, a psychologist, examined the Plaintiff in November 2004. [Tr. 422-26]. He diagnosed Coots with a major depressive disorder, and assessed a Global Assessment of Functioning ["GAF"] score of forty-five (45). [Tr. 422-26].

At the outset, the Court observes that Dr. Allen is not a treating physician, as he examined the Plaintiff at the request of her attorney on one occasion, and administered no treatment. [Tr. 422-26]. See 20 C.F.R. § 404.1502 (a treating source is "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation *and who has, or has had, an ongoing treatment relationship with you.*") (emphasis added). Accordingly, the ALJ was not required to accord greater weight to Dr. Allen's opinion. See 20 C.F.R. § 416.927(d)(2); see also Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) ("Dr. Ruff examined Mr. Barker on only one occasion, and the rationale of the treating physician doctrine simply does not apply here.").

The ALJ rejected Dr. Allen's opinions for several reasons. First, the ALJ observed that Dr. Allen reported inconsistencies in Coots' responses on two tests he administered, and that the inconsistencies were so severe as to render one of the tests invalid. [Tr. 30; 423]. Second, the ALJ found that Dr. Allen's opinion was hampered by the Plaintiff's problems with veracity. [Tr. 38]. In this regard, the ALJ cited numerous inconsistencies which called into question Coots' credibility. [see Tr. 30, 35, 38-39]. The ALJ also noted that Dr. Allen's opinion was not supported by the Plaintiff's treatment history, as she denied any history of mental health intervention, with the exception of two visits at an outpatient mental health counseling center. [Tr. 29, 38]. Finally, the ALJ concluded that the limitations reported by Dr. Allen were inconsistent with the findings of other

physicians of record, such as Dr. William Rigby and Dr. Doug McKeown. [Tr. 29, 31].

It is the role of the ALJ to resolve conflicts within the evidence, see Burton v. Halter, 246 F.3d 762, 775 (6th Cir. 2001), and to incorporate those limitations which are found to be credible. See Casey v. Sec'y of Health & Hum. Servs., 987 F.2d 1230, 1234-35 (6th Cir. 1993). In the present action, the ALJ was presented with inconsistent evidence regarding the Plaintiff's mental impairments, and resolved those conflicts by determining that Dr. Allen's opinion lacked evidentiary support, and was inconsistent with the record. The Court concludes that the ALJ's decision to reject Dr. Allen's opinion was supported by substantial evidence, and thus the Plaintiff's argument must fail.

### 2. Dr. James Chaney

Dr. Chaney, who has treated the Plaintiff since April 2002, opined that she is unable to sustain gainful employment as a result of her impairments. [Tr.512]. Specifically, Dr. Chaney indicated that Coots is unable to tolerate even low-stress stimuli. [Tr. 503, 508].

Under the "treating physician rule," an ALJ generally must give "greater weight" to the opinions of treating physicians than those of other physicians. See Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981). Such deference is only accorded, however, when the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." Gaskin v. Commissioner of Social Sec., 280 Fed.Appx. 472, 474 (6th Cir. 2008) (unpublished) (citing 20 C.F.R.§ 404.1527(d)(2)).

When the ALJ rejects the opinion of a treating physician, he must give good reasons for doing so. See Rogers v. Commissioner of Social Sec., 486 F.3d 234, 242 (6th Cir. 2007). The SSA

7

regulations set forth certain factors the ALJ is to consider: (1) the length of the treatment relationship and the frequency of the examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the treating physician's opinion, (4) the consistency of the physician's opinion with the record as a whole, and (5) the specialization of the physician. 20 C.F.R.§ 1527(d)(2). This reason-giving requirement serves two purposes:

> First, the explanation lets claimants understand the disposition of their cases, particularly where a claimant knows that his physician has deemed him disabled and therefore might be bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied. Second, the explanation ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule.

Rogers at 242-43.

In the case *sub judice*, the ALJ articulated good reasons for discounting Dr. Chaney's opinion, and thus complied with the treating physician rule. Specifically, the ALJ focused on Dr. Chaney's specialization, the supportability of his opinion, and his opinions' consistency with the record. First, the ALJ noted that Dr. Chaney's mental assessment was not within his area of practice, and thus assigned it no weight:

> I assign no weight to Dr. Chaney's [mental] assessment which is not within his area of practice as a family physician. Dr. Chaney indicated he is a diplomate of the American Psychotherapy Association. However, by his own report he treats Ms. Coots in his capacity as her family doctor offering only symptomatic treatment with anti-depressants and anti-anxiety drugs as needed. Clearly such board membership puts the onus on Dr. Chaney to refer his patient to more specialized mental health treatment and I can only conclude he did not believe claimant's condition warranted such referral.

[Tr. 31]. Second, the ALJ found that the limitations reported by Dr. Chaney were not supported by his own treatment notes, which routinely indicate that the Plaintiff's neurological examinations were normal, and "show reflexes and muscle strength intact bilaterally." [Tr. 38, 36]. The ALJ also

8

determined that Dr. Chaney's mental assessment was inconsistent with the evidence of record, which reflected only mild limitations in Coots' activities of daily living and social functioning. [see Tr. 36, 32].

As further grounds for rejecting Dr. Chaney's opinion, the ALJ noted that he did not find the Plaintiff's subjective complaints to be fully credible. [Tr. 38]. In this regard, the ALJ cited several inconsistencies which called into question Coots' veracity. [see Tr. 30, 35, 38-39]. For instance, the Plaintiff reported to Dr. Rigby that she was the eleventh of twelve children, and that her mother and father were both disabled. [see Tr. 239]. However, she reported to Dr. Allen that she was an only child, and that neither of her parents had "any significant health or medical problem." [see Tr. 422]. Finally, the ALJ rejected Dr. Chaney's opinion because it was inconsistent with the opinions of other physicians of record. Specifically, the ALJ cited the findings of Dr. Rigby, Dr. McKeown, Dr. Joshua Phelps, and Dr. Mark Burns, all of which are inconsistent with a finding of total disability. [see Tr. 29, 31, 37].

As the foregoing discussion illustrates, the ALJ provided ample reasons for according less weight to Dr. Chaney's opinions. Specifically, the ALJ focused on Dr. Chaney's specialization, the supportability of his opinion, and his opinion's inconsistency with the record.[2] Accordingly, the Court concludes that the ALJ complied with the treating physician rule, and that his determination that Coots could perform light work is supported by substantial evidence.

---

[2] The Court observes that, in rejecting Dr. Chaney's opinion, the ALJ did not specifically discuss all of the factors set forth in 20 CFR § 1527(d)(2). Nonetheless, by expressly noting that Dr. Chaney's mental assessment was not within his area of practice, lacked evidentiary support, and was inconsistent with the record, the ALJ satisfied the reason-giving requirement. Accordingly, any error is harmless. See Nelson v. Commissioner of Social Security, 195 Fed.Appx. 462, 472 (6th Cir. 2006) (ALJ's failure to specify the weight he accorded treating physicians' opinions was harmless error, when he "met the goal of § 1527(d)(2)" by indirectly attacking the opinions' consistency with the record and supportability.).

B.  THE ALJ CONSIDERED THE COMBINED EFFECTS OF PLAINTIFF'S IMPAIRMENTS

Next, the Plaintiff argues that the ALJ failed to consider the combined effects of her impairments. [R. 10-2 at 3]. The Defendant-Commissioner responds that this argument is without merit, as the ALJ properly considered her impairments in combination. [R. 11 at 13].

Coots is correct that the regulations expressly require the ALJ to consider the combined effects of any impairments suffered by a claimant. See 20 C.F.R. § 404.1523. However, the Court finds that the ALJ fulfilled this requirement. For instance, the ALJ expressly noted that he found the Plaintiff's impairments to be severe in combination, and discussed the combined effects of her obesity. [see Tr. 28, 33]. Further, the ALJ included both physical and mental impairments in his residual functional capacity ["RFC"] determination, as well as his hypothetical question to the vocational expert. [see Tr. 28, 34, 1497-98].

Because the record clearly reflects that the ALJ considered the Plaintiff's impairments in combination, Coots' argument must fail.

C.  THE ALJ'S HYPOTHETICAL QUESTIONS TO THE VOCATIONAL EXPERT

The Plaintiff argues, in a rather conclusory fashion, that the ALJ's hypothetical question to the vocational expert was not supported by substantial evidence. [R. 10-2 at 4]. The Court is not persuaded.

An ALJ's hypothetical questions "need only incorporate...those limitations which the ALJ has accepted as credible." Infantado v. Astru, 263 Fed.Appx. 469, 476-77 (6th Cir. 2008) (unpublished) (citing Casey v. Sec'y of Health and Human Servs., 987 F.2d 1230, 1235 (6th Cir. 1993)). In the present action, the ALJ did not accept the limitations reported by Dr. Chaney and Dr. Allen as credible, and thus did not incorporate them into his hypothetical question. For the reasons

10

set forth in Part IV-A, *supra*, the Court concludes that substantial evidence supports the ALJ's decision to exclude from the hypothetical question the opinions of Dr. Chaney and Dr. Allen. Moreover, the Court finds that the limitations actually reflected in the ALJ's hypothetical question are supported by substantial evidence. Accordingly, the Court rejects the Plaintiff's argument.

### D.  THE DURATIONAL REQUIREMENT

Coots argues that the ALJ failed to address the "durational requirement of substantial activity," as set forth by the Ninth Circuit Court of Appeals in Gatliff v. Comm'r of Soc. Sec. Admin., 172 F.3d 690 (9th Cir. 1999). [R. 10-2 at 4-5]. In Gatfliff, the Ninth Circuit held that "substantial gainful activity means more than the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." Id. at 694.

Gatliff involved a claimant who, it was undisputed, could not maintain any single job for more than two months. The Ninth Circuit held that if a claimant could establish that she could hold a job for "only a short period of time," the claimant is unable to engage in "substantial gainful activity." Id. at 694. The case at bar is clearly distinguishable from the facts that were established by the claimant in Gatliff. In the present action, the ALJ determined that Coots had the residual functional capacity to engage in light work, with several restrictions. [Tr. 34]. As noted by the U.S. District Court for the Eastern District of Kentucky, when faced with the same argument, "[i]mplicit in the RFC assigned to Plaintiff by the ALJ is a finding that Plaintiff is capable of *maintaining* employment. ... Plaintiff does not explain why an individual with Plaintiff's RFC would be unable to maintain employment." Garland v. Astrue, 6:07-181-DLB, 2008 WL 2397566 at *6 (E.D. Ky., June 10, 2008) (emphasis added). As in Garland, the ALJ herein did not impose any durational limitations in Coots' residual functional capacity, a decision that necessarily means that he found that

no durational limitations existed. Moreover, Coots has failed to cite to any evidence that would establish any durational limitations.[3]

Accordingly, the Court concludes that the Plaintiff's argument lacks merit.

### E.  THE ALJ PROPERLY CONSIDERED THE PLAINTIFF'S EXERTIONAL AND NON-EXERTIONAL RESTRICTIONS

Finally, Coots contends that the ALJ failed to consider her exertional and non-exertional restrictions, as well as the pain associated with them. [R. 10-2 at 5]. Again, the Plaintiff's conclusory argument cannot prevail. As noted *supra*, the ALJ considered, and rejected, the limitations reported by Dr. Chaney and Dr. Allen. Moreover, the ALJ properly evaluated Coots' complaints of disabling pain. [see Tr. 35]. As there is no basis for finding that the ALJ failed to consider the Plaintiff's exertional and non-exertional restrictions, the Court rejects Coots' argument.

### IV.  CONCLUSION

Therefore, for the reasons set forth above, it is recommended that the Plaintiff's Motion for Summary Judgment [R. 10] be DENIED, the Defendant's Motion for Summary Judgment [R. 11] be GRANTED, and that Judgment be entered affirming the final decision of the Commissioner.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's

---

[3] Indeed, the Plaintiff's Motion for Summary Judgment [R. 10] does not contain any citations to the record.

objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed April 17, 2009.

Signed By:
*Edward B. Atkins* £BA
United States Magistrate Judge